| NORTH CAROLINA | ) | IN THE GENERAL COURT OF JUSTICE |
| --- | --- | --- |
| | ) | SUPERIOR COURT DIVISION |
| FORSYTH COUNTY | ) | 25CV012061-330 |
| | ) | |
| CHRISTAL SCHANES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | |
| UNIVERSITY OF NORTH | ) | |
| CAROLINA SCHOOL OF THE ARTS | ) | |
| | ) | |
| Defendant. | ) | |

The plaintiff, Christal Schanes, hereby states and alleges the following:

## INTRODUCTION

1. This is an action for declaratory and injunctive relief, and damages sustained by Plaintiff in the unlawful discrimination and ultimate termination of her employment by Defendant. Plaintiff asserts rights and claims arising under the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601, *et seq.*,; for violations of disability discrimination in violation of N.C. Gen. Stat. § 143-422.2, and for violations of Plaintiff's rights under the common law of North Carolina.

## PARTIES

2. The Plaintiff, 49, Christal Schanes, hereinafter "Plaintiff", is a female and is a resident of Forsyth County, North Carolina. At all times pertinent to this action, Plaintiff was an "employee" of Defendant within the meaning and definition of the FMLA, 29 U.S.C. §2611(3), and North Carolina law.

3. The Defendant, University of North Carolina School of the Arts ("UNCSA" or Defendant) is a school located in North Carolina which instructs students in the various arts. At all times pertinent to this action, Defendant was the "employer" of Plaintiff within the meaning and definition of the FMLA, 29 U.S.C. §2611(4), and the common law of North Carolina.

## FACTS

4. Plaintiff is an Emmy Award winning wig designer who has had her work featured in both television shows and movies.

5. Plaintiff was initially employed by Defendant in or around 2013 as Part-Time Visiting Faculty in the School of Design and Production, specifically as Wig & Makeup Faculty.

6. Plaintiff and Defendant entered into an Agreement for a Multi-Year Contract Faculty Appointment on August 4, 2014, which began on August 12, 2014 and ended on the Day of Commencement in 2019. Please see Exhibit 1.

7. A second Multi-Year Contract Faculty Appointment was agreed to on April 9, 2019 and was to terminate on the day of Commencement 2029.

8. Paragraph 1 of the Agreement incorporates all applicable policies and regulations of the University.

9. Medical Leave is provided for in Regulation 618.

10. That policy provides that "any eligible employee who takes approved FMLA shall be entitled, upon return from such leave, to the same or an equivalent position of employment with equivalent employment benefits, pay, and other terms and conditions of employment."

11. It further provides that "UNCSA will not interfere with an eligible employee's rights under FMLA, FIL, or FSIDL, and will not terminate or discriminate against employees who exercise such rights. Additionally UNCSA shall not retaliate against employees who file, initiate, or otherwise assist uncharged or investigations."

12. Plaintiff began to experience serious health issues in or around August of 2023, including but not limited to cardiac and gastrointestinal issues as well as a severe wrist sprain of her dominant right hand.

13. These health issues were exacerbated due to her return to campus and the severity of these issues increased the longer she remained on campus.

14. These health conditions were the direct result of her work with Defendant.

15. Plaintiff's office assigned by Defendant also served as a storage room for chemicals including but not limited to: liquid fiberglass, polyurethane, resin, foam latex, silicone, acetone and polyvinyl.

16. These chemicals were stored on open wooden shelving.

17. Upon information and belief, it is an OSHA requirement that these chemicals be stored in flammables cabinets.

18. Each year, Plaintiff was asked to hide the open storage of the chemicals identified in Paragraph 15 from the safety inspector.

19. Plaintiff's gastrointestinal and cardiac diagnosis arise from consistent exposure to chemicals in the Wig & Makeup Department due to chemical overstock being stored in Plaintiff's office.

20. Prior to the escalation of her health issues, Plaintiff had requested that these chemicals be removed; however, they remained.

21. Plaintiff injured her right wrist attempting to move books out of her office when they fell.

22. Plaintiff was written out of work on or around August 17, 2023 as a result of her health issues.

23. Defendant initially allowed Plaintiff to take FMLA leave.

24. Plaintiff requested additional accommodations which would have facilitated her return to work on October 10, 2023.

25. Defendant denied these accommodations.

26. Without the accommodations requested, Plaintiff understood she would not be able to return to work following the conclusion of her FMLA leave.

27. Plaintiff understood that without the accommodations requested, she would not have a position to return to at the conclusion of her FMLA leave as required by 29 CFR § 825.11 (a).

28. Defendant therefore constructively discharged Plaintiff.

## FIRST CLAIM FOR RELIEF

### Claims for Violations of FMLA for Interference and Retaliation

29. Plaintiff hereby incorporates the allegations of the foregoing paragraphs as if fully set forth herein.

30. At all times pertinent to this action, plaintiff was an "eligible employee," as defined in 29 U.S.C. § 2611(2), entitled to the benefits and protection of the FMLA.

31. The FMLA requires that an eligible employee with a "serious health condition," as defined in 29 USC § 2612(a), receive protected leave up to 12 weeks per year.

32. Plaintiff was entitled to the benefit and protection afforded by FMLA.

33. Plaintiff provided notice of her need to take FMLA for a serious medical condition and provided the necessary documentation for her FMLA leave.

34. Defendant was on notice of and was aware of Plaintiff's "serious health condition" as defined by FMLA, 29 USC § 2612(a) and her need for FMLA during the course of her employment and at the time of her constructive discharge.

35. Less than two (2) weeks before the Fall 2023 semester was to begin, Ms. Schanes was instructed by her doctors to seek medical treatment with specialists in cardiology, internal medicine and psychotherapy while contemporaneously being expected to restructure her class syllabi and move all personal materials off campus.

36. Starting August 17, 2023, plaintiff was compelled to request leave due to her "serious health condition," as defined in 29 USC § 2612(a), which defendant was aware of.

37. Ms. Schanes applied for a leave extension on October 10, 2023, and noted the need for costly diagnostic testing and potential surgery as recommended by her treating physicians. This request was denied.

38. Defendant interfered with Plaintiff's benefits and protections provided under the FMLA by subjecting her to discrimination in violation of the FMLA.

39. Plaintiff was prejudiced and harmed by Defendant's interference with her rights and benefits under FMLA including in her compensation and in the eventual constructive discharge of her employment.

40. Defendant subjected Plaintiff to retaliation as a result of engaging in protected activity, including exercising rights and benefits under the FMLA and complaining about retaliation against her for engaging in federally protected activity. The retaliation and adverse actions included the aforementioned disparate treatment and Plaintiff's ultimate constructive discharge.

41. Defendant's actions in interfering and retaliating against Plaintiff were intentional, willful, wanton with a knowing and/or reckless disregard for the rights of Plaintiff.

42. As a proximate result of defendant's discrimination and retaliation against plaintiff under the FMLA, plaintiff has been prejudiced and suffered substantial damages and is entitled to reinstatement, compensatory damages, liquidated damages and attorneys' fees for her representation herein, pursuant to the FMLA, 29 U.S.C. § 2617(a).

## SECOND CLAIM FOR RELIEF

**Plaintiff's Claim for Wrongful Discharge in Violation of the Public Policy of North Carolina Against Discrimination Based on Disability in violation of N.C. Gen. Stat. § 143-422.2.**

43. Plaintiff hereby incorporates the allegations of the foregoing paragraphs as if fully set forth herein.

44. The public policy in North Carolina protects employees from discrimination based on disability as outlined in N.C. Gen. Stat. § 143-422.2.

45. Plaintiff has qualifying disabilities as outlined above which limit Plaintiff's ability to perform the major life activities of breathing, caring for herself, and working.

46. Plaintiff would have been able to perform all the essential functions of her job with an accommodation despite her disability.

47. Defendant violated the public policy of North Carolina in its termination of plaintiff's employment because of her disability.

48. Alternatively, plaintiff was "regarded as" having a disability by Defendant.

49. As a proximate result of defendant's discharge of plaintiff in violation of public policy, plaintiff has suffered substantial damages, including lost income and benefits; emotional distress and mental anguish; loss of quality of life and reputation; and other damages to be proven at trial.

50. Defendant has engaged in wrongful and egregious misconduct in violation of plaintiff's rights which was willful and deceptive, and evinced an intentional and deliberate or reckless disregard for the rights of plaintiff. Pursuant to NCGS § 143-422.2, plaintiff cites the facts alleged in ¶¶ 4-28 above in support of this claim. Accordingly, plaintiff is entitled to punitive damages in an amount to be determined by the jury.

## THIRD CLAIM FOR RELIEF

### Breach of Contract

51. Plaintiff hereby incorporates the allegations of the foregoing paragraphs as if fully set forth herein.

52. The 2019 Agreement for a Mult-Year Contract Faculty Appointment was a legally binding contractual agreement between Plaintiff and Defendant.

53. Pursuant to that Contract, Plaintiff was to remain employed for a period of ten years, through 2029.

54. Defendant breached the 2019 Agreement for a Mult-Year Contract Faculty Appointment by failing to fulfill contractual obligations owed to Plaintiff and compensation owed to Plaintiff, including without limitation, in refusing to follow its policies and procedures incorporated into the contract.

55. As a proximate result of the breach of contract by Defendant, Plaintiff has suffered substantial of income and benefits, including actual damages of the contract's performance, consequential damages including costs, prejudgment interest, a sum to compensate for increased tax consequences of lump sum recovery, loss of professional reputation, and other damages to be proven at trial.

## PRAYER FOR RELIEF

The plaintiff hereby requests that:

1. That Plaintiff recover of Defendant back pay and restoration of all benefits;

2. That Plaintiff recover of Defendant compensatory damages in an amount in excess of $100,000.00;

3. That Plaintiff recover of Defendant punitive damages in an amount to be determined by the jury;

4. That Plaintiff recover the costs of this action, including reasonable attorneys' fees for her representation herein, as required by 42 U.S.C. §12117(a) and 42 U.S.C. § 2000ff-6(a)(2);

5. That Plaintiff recover pre-judgment and post-judgment interest on all damages awarded herein; and

6. That this Court grant such other relief deemed just and appropriate.

### Request for Jury Trial

Plaintiff hereby demands a trial by jury on all issues presented herein.

This the 30th day of October, 2025.

                                          Elliot Morgan Parsonage, PLLC

                                          _____
                                          Elizabeth B. Hilker
                                          (NC State Bar #: 49083)
                                          Attorney for Plaintiff
                                          300 E. Kingston Ave, Suite 200
                                          Charlotte, NC 28203
                                          ehilker@emplawfirm.com
                                          Telephone: (704) 707-3705
                                          Fax: (336) 724-3335