IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| CHRISTAL SCHANES,<br><br>Plaintiff,<br>v.<br><br>UNIVERSITY OF NORTH CAROLINA SCHOOL OF THE ARTS,<br><br>Defendant. | 1:26-CV-28 |

**ORDER**

This matter is before the Court for review of the Magistrate Judge's Recommendation. (D.E. 18.) The Recommendation recommends that the Court grant the Defendant's motion to dismiss as to Plaintiff's FMLA claims, decline to exercise supplemental jurisdiction over the remaining state law claims, and remand the state law claims. (*Id.*) The deadline for objections passed on September 10, 2026, and no parties have objected to the Recommendation.

Because there are no objections, the Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. Proc. 72 advisory committee's note). This Court has reviewed the Recommendation and concludes it contains no clear error other than footnote 6.[1]

[1] Footnote 6 of the Recommendation is unnecessary and does not affect the analysis. This Court does not adopt it because it does not reflect Fourth Circuit law, which has held that a state's mere removal to federal court does not waive sovereign immunity. *See, e.g., Biggs v. N. Carolina Dep't of Pub. Safety*, 953 F.3d 236, 241 (4th Cir. 2020); *Stewart v. North Carolina*, 393 F.3d 484, 490 (4th Cir. 2005). This area of the law is confusing since a 2013 Fourth Circuit case appeared to decide the issue differently, but the Fourth Circuit has rejected this language as dicta and said that *Stewart* is binding. *See Passaro v. Virginia*, 935 F.3d 243, 247 n.2 (4th Cir. 2019) (discussing *Sansotta v. Town of Nags Head*, 724 F.3d 533, 546 (4th Cir. 2013)).

Accordingly, it is ordered that the Magistrate Judge's Recommendation (sans footnote 6) (D.E. 18) is ADOPTED. Defendant's motion to dismiss is GRANTED as to Plaintiff's FMLA claims. The Court declines to exercise supplemental jurisdiction over the remaining state law claims and remands those claims back to state court.

This the 16th day of September, 2026.

*/s/ David A. Bragdon*
United States District Judge